979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Annie E. CRIDDELL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3135.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1992.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Annie E. Criddell petitions for review of a Merit Systems Protection Board decision, Docket No. CHO3539110610, affirming the United States Postal Service in restoring Ms. Criddell to her former postal position following separation from military duty. This court affirms.
 
 OPINION
 
 2
 The Postal Service hired Ms. Criddell in Chicago, Illinois on August 25, 1980, as a part-time, flexible Level 5 Machine Distribution Clerk. In 1984 she took a voluntary downgrade to a full-time Level 3 Elevator Operator.
 
 
 3
 On April 29, 1986, Ms. Criddell separated from the Postal Service to enlist in the United States Navy. On April 27, 1990, Ms. Criddell applied to the Postal Service for reinstatement. Within eight days of her discharge, the Postal Service restored Ms. Criddell to a Level 3 Elevator Operator position in the Chicago main post office. Ms. Criddell's salary "step" and her seniority in that position increased during her absence.
 
 
 4
 On July 3, 1992, Ms. Criddell petitioned the MSPB, alleging that the Postal Service should have restored her to a higher position and that the Postal Service did not consider her for promotions during her military absence. The MSPB Administrative Judge affirmed the action by the Postal Service.
 
 
 5
 This court affirms Board decisions unless (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 6
 Pursuant to the Veterans Reemployment Rights Act, 38 U.S.C. § 2021(a)(A) (1988), the Postal Service restored Ms. Criddell to her former Elevator Operator position within eight days of her application. However, a restored employee is only entitled to advancement if, as a matter of foresight, it was reasonably certain that advancement would have occurred if the employee had not left for military service. Tilton v. Missouri Pac. R.R., 376 U.S. 169, 181 (1964). The Board found it unlikely that the Postal Service would have promoted Ms. Criddell to any of the three clerk positions for which she applied before entering military service. Moreover, since Ms. Criddell's reinstatement, she has applied for and not received other higher-level promotions. In sum, this court discerns no reversible error in the Board's determination that Ms. Criddell did not meet her burden. She did not show, with reasonable certainty, that she would have been advanced during the period she instead devoted to military service.
 
 
 7
 As to the Postal Service's "obligation" to correct for not having notified Ms. Criddell of promotional opportunities during her military service, the regulation only requires that absent employees "be considered for promotion." 5 C.F.R. § 353.201(a) (1988). Although the Postal Service did not at the time of Ms. Criddell's military service have a mechanism for such consideration, Ms. Criddell still bore the burden of proving that it was reasonably certain she would have been promoted in the interim. For the reasons stated in the MSPB opinion and above, Ms. Criddell did not show that she would likely have been promoted to a higher-level position during her military leave of absence.